Oscar: Hernandez
Injured Third Party Intervenor,
16 Newton St.
San Francisco, California
Zip Code Exempt
[DMM 122.32] as amended

WDB

**district court for the United States**
**In Care of THE UNITED DISTRICT COURT**
**DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **OSCAR HERNANDEZ**<br>Sramineus Homo, US Vessel<br>**Libellant,**<br><br>V.<br><br>FIRST FRANKLIN LOAN SERVICES<br>ANDY POLLOCK, US Vessel<br>DOES, ROES, and MOES 1 -100 et al,<br>US Vessel sand<br><br>**Libellees,** | Case# CV 08 0263<br>Within the Admiralty |
| Oscar: Hernandez<br>Lien Holder of the Vessel, the Real Party<br>In Interest, Lawful Man<br>**Injured Third Party Intervener/Petitioner/**<br>Libellant,<br><br>V.<br><br>FIRST FRANKLIN LOAN SERVICES<br>ANDY POLLOCK, U.S. Vessel,<br>DOES, ROES, and MOES 1 -100 et al<br>**US VESSELS**<br>**INDIVIDUALLY AND SEVERALLY**<br>**Third Party Defendants/Libellees** | **PETITION FOR**<br><br>**LIBEL OF REVIEW**<br><br>**OF AN**<br><br>**ADMINISTRATIVE JUDGMENT** |

COMMERCIAL AFFIDAVIT IN FACT

FOR AND ON THE RECORD:

THE COURT TAKES JUDICIAL NOTICE WITHIN THE ADMIRALTY OF THE SUM CERTAIN OF THE FACTS AND STATEMENTS HEREIN

**JURISDICTION**

COMES NOW Claimant/Libellant, Oscar: Hernandez, an injured party, hereinafter referred to as the Claimant, without counsel, by Restricted, Special Appearance, pursuant to Special Procedures in Admiralty, Rule E (8), and at

no time waives any protections within the Admiralty, filing this Petition, for Judicial Review of an Administrative Judgment pursuant to Rule 57 FRCP.

Pursuant to **TITLE 28; PART VI; CHAPTER 151 § 2201**

**§ 2201. Creation of remedy**

**a**. In a case of actual controversy within its jurisdiction.

A. 28 USC § 1331; There is a Federal question.

B. 28 USC § 1332; Diversity of Citizenship.

C. 28 USC § 1333; Admiralty, Maritime, savings to suitors.

D. 28 USC § 1337; Commerce.

1. Claimant petitions this court for a **Review of Foreign Judgment** documents entered into the Case Number.

2. This Court is an Admiralty Court and the injured party, petitioner/Claimant sets this action and files this action with the Court Clerk "within the admiralty" pursuant to Special Procedures in Admiralty #Rule E (8), and is appearing in Restricted Appearance.

3. Libellee(s)/Respondent(s) have made false claims and this Libel of Review and Notice of Lis Pendens are now in the "original exclusive cognizance" of the United States through the district court - see the First Judiciary Act of September 24, 1789, Chapter 20, page 77.

4. Jurisdiction, in international law and according to the law of the land, agents of a foreign principal are required to file any pretended claim in the appropriate district court prior to exercising rights to that claim. The district courts have "exclusive original cognizance" of all inland seizures and this includes vessels in rem (Rule C (3)) such as trust organizations and legal names, Ens legis; OSCAR HERNANDEZ.

5. Petitioner Oscar: Hernandez, Libellee, FIRST FRANKLIN LOAN SERVICES and Co-Parties DOES, ROES, and MOES 1-100 et al, ... within their respective districts, as well as upon the high seas; (a) saving to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it; and shall also have exclusive original cognizance of all seizures on land,..." The First Judiciary Act September 24 1789 Chapter 20, page 77. The Constitution of the United States of America, Revised and Annotated - Analysis and Interpretation - 1982; Article III, §2, Cl. 1 Diversity of Citizenship, U.S. Government Printing Office document 99-16, p. 741 and 26 USC 1331.

6. Petitioner Oscar: Hernandez, unknown FIRST FRANKLIN LOAN SERVICES agents," ... within their respective districts, as well as upon the high seas; (a) saving to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it; and shall also have exclusive original cognizance of all seizures on land,..."

7. The First Judiciary Act; September 24, 1789; Chapter 20, page 77. The Constitution of the United States of America, Revised and Annotated - Analysis and Interpretation - 1982; Article III, §2, Cl. 1 Diversity

of Citizenship, U.S. Government Printing Office document 99-16, p. 741 and 26 USC 1331.

8. This fact of protocol - filing a claim in district court according to international law - is beyond dispute and extends into antiquity:

"Meanwhile those who seized wreck ashore without a grant from the Crown did so at their peril." Select Pleas in the Court of Admiralty, Volume II, A.D. 1547-1602; Introduction - Prohibitions, Note as to the early Law of Wreck, Selden Society, p. xl, 1897.

9. The Constitution for the United States recognizes the protocol: i.e.,

ART. III

Section 2. The judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority;--to all cases affecting ambassadors, other public ministers and consuls;--to all cases of admiralty and maritime jurisdiction;--to controversies to which the United States shall be a party;--to controversies between two or more states;-- between a state and citizens of another state;--between citizens of different states;--between citizens of the same state claiming lands under grants of different states, and between a state, or the citizens thereof, and foreign states, citizens or subjects.

1. Libellee(s), Unknown FIRST FRANKLIN LOAN SERVICES Agent(s) are agent(s) of a foreign principal, a "foreign state" defined at Title 28 of the United States Codes §1603, and Title 22 U.S.C. §611.

2. The district court for the District of California, Central Division, has acquired exclusive original cognizance of this Libel of Review for the United States because this is a federal question - a constitutional matter involving a man on the land complaining about theft and kidnap - Title 18 U.S.C. §§ 661 and 1201 respectively and irregular extradition from the asylum state into the United States custody, treason - Constitution, Article III §3 and Title 18 U.S.C. §2381 by an agent of a foreign principal, creating diversity of citizenship - Title 28 U.S.C. §§1331 and 1333 respectively. The presentments (notification) are arbitrary and capricious clearly implying that if Petitioner fails to comply with the suggested terms there will be "law enforcement" actions by way of inland seizure. Speaking historically, the districts, formed in 1790 for handling the financial obligations of the United States could not come into existence until after formal expression of remedy in the 'saving to suitors' clause (1789) quoted above and codified at Title 28 U.S.C. §1333.

3. The only excuse for the discretionary authority granted administrative agencies is the judicial oversight demonstrated in this invocation of an Article III court.

4. Law of the flag: Man is created in the image of God and to reduce a man to chattel against the national debt is an affront to God. Exodus, 13:16 and Genesis 1:27.

5. All Court Officers are not immune "within the Admiralty", and are accountable for their actions pursuant to The FOREIGN SOVEREIGN IMMUNITY ACT 28 U.S.C. § 1605. Any foreign sovereigns are liable for damages while doing business in the United States. This provision has application since the foreign

sovereign – the judges, clerks, etc. – operate on the behalf of a defacto foreign fiction government. Officials are liable for the damages that they commit while doing business in the country.

6. This court is open for admiralty issues and in this instant action. It is a debt obligation and insurable interests that are issues in admiralty.

7. This action of the injured party, petitioner/libellant/Claimant is protected pursuant to the Suits in Admiralty Act, 46 U.S.A. Codes, Appendix, Chapter 20 §§ 742-749.

8. THE SUITS IN ADMIRALTY ACT is a law where the United States and its co-parties specifically waives its immunity in three situations: (1), If the Admiralty suit involves a vessel of the United States (Man's body is named in the action), (U.S. citizen Vessel) (Name in all upper case of the vessel) and (2), Cases that involve cargo belonging to the U.S. and its co-parties. Within the context of this instant action, when the cargo [the paperwork, or lawsuit] of the United States and its co-parties harms us, the United States gives us a blanket waiver of immunity, or (3), if the United States could be sued in the Admiralty if it were a private party, if we are going into an international jurisdiction, (a set aside, fenced territory) every time we go into the Court, we are entitled to sue the United States and its co-parties in the Admiralty as if it were a private party. The cargo is the docket file and the lawsuit and Clerks/Warrant Officers and Judges/Masters are not immune if the cargo is not directed into the Admiralty Court.

9. In this instant action all parties are U.S. VESSELS and fit the legal definition of a U.S. Vessel.

10. The Court Officers/ Master/ Mariners are liable if they mislead/mis-deliver this action into the wrong Court and the law provides for criminal penalties for compliance failures.

11. The Public Vessels Act is applied in this instant action and waives the Court Officer's Immunities pursuant to Title 46 U.S.C. Ch. 22 § 781 and The Bills of Lading Act, Title 49 U.S.C., Ch. 147 § 14709, Title 49 U.S.C. Chapter 801 § 80113.

12. The cargo is shipped via the U.S. Postal Service and all parties are subject to the Postal Codes in this instant action.

13. The Bills of Lading Act includes a criminal penalty because the losses suffered by the customers of the shippers can be very great. I use a Bill of Lading/Petition/Complaint in all of my lawsuits. This presentment fits the criteria for a Bill of Lading, meeting all the facts enclosed in any Bill of Lading. The Bill of Lading describes the cargo (the lawsuit), and tells the Court Clerk to carry the suit into the Admiralty Jurisdiction of the Court. The Clerk is a PUBLIC VESSEL and the CARRIER, being a vessel of the United States and its co-parties. This Bill of Lading identifies the cargo as the lawsuit, by describing the suit's postal registry number, by registered mail.

14. The Bill of Lading creates a liability for which the damaged party can recover in a suit if the documents are diverted into another venue. If a carrier is found wanting in due diligence concerning the delivery of the cargo, the liability attaches at the time of the diversion of the documents. The Bill of Lading therefore takes away the immunity of Clerks/Warrant Officers and Judges/Masters, if the cargo is not delivered into the Admiralty Court, and adds criminal penalties for compliance failures. Title 49 U.S.C.,

Ch. 801 § 80116.

15. The Admiralty Extension Act, Title 46 U.S.A. Appendix, Ch 19-A § 740, extends the admiralty jurisdiction inland. All states by law have access to the sea. Therefore any land locked country has an easement, so to speak, across other countries in order to get to the sea. All states have an admiralty jurisdiction in all of their courts.

## RESTRICTIONS

1. The Libellee/Respondents were. estopped by the "DOCTRINES OF ESTOPPEL" by "AGREEMENT/CONTRACT" and by "ESTOPPEL BY ACQUIESCENCE". The Third Party Libellees/Defendants were forever barred from arguing and controverting the issues of the "CONTRACT/CLAIMS" and are bound strictly in their prove up of their response by Affidavit, point for point, under their unlimited liability Commercial Oath and Verification, "within the Admiralty". Failure in confining their position and submissions, oral or written, before this court finds them in Commercial Trespass and Breach of their Contract. This AGREEMENT/ CONTRACT is protected pursuant to US Constitution, Article I Section 10, and the D.C. Codes in regarding "THE IMPAIRMENT OF CONTRACTS".

2. The Libellees/Respondents have received Notice of Default, and therefore, is they make or have made a hostile presentment before this court, in writing, they are subject to the provisions of F.R.C.P. RULE 9 (h), leading to the Supplements of the Rules of Admiralty, which provides for those who are found in Trespass after a Default are subject to a Certificate of Exigency, which is filed with the Clerk of the Court/Warrant Officer, for an immediate warrant for their arrest.

## FACTS

a) The injured party petitioner/libellant/Claimant, exhausted his Administrative Remedy and served the Libellee/Respondent, FIRST FRANKLIN LOAN SERVICES, a Conditional Acceptance of their claim upon submitting Proof of claim.

b) The injured party petitioner/libellant/Claimant served, in Honor, a Letter Rogatory to show their documents of their claim.

c) The injured party petitioner/libellant/Claimant served an Affidavit, by this injured party declaring, Affiant had not seen or been presented with any material fact or evidence of a claim and believed none exists..

d) The above three (3) documents were served by First Class U.S. Mail, Certified Mail # 7005 3110 0000 2345 3211 & 7006 3110 0000 2345 3372, Return Receipt Requested on the Libellee/Respondent, FIRST FRANKLIN LOAN SERVICES on August 15, 2007 & August 17, 2007 by Shashi Sheth a Notary Public of the State of California, an independent third party.

e) The respondent received the documents on August 15 & August 17, 2007 ad indicated by the US. Postal Service Tracking Number.

f) Respondent was given the mandatory 3 days to respond, not including the day of receipt, and 3 additional days for mailing their reply.

g) The time expired on August 31, 2007 & September 13, 2007 with no response from the Respondent.

h) On or before September 4, 2007& September 15, 2007, a NOTICE OF FAULT – OPPORTUNITY TO CURE was served by First Class U.S. Mail, Certified Mail # 7006 3450 0001 2039 5333 & 7006 3450 0001 2035 7652, Return Receipt Requested on the Libellee/Respondent, FIRST FRANKLIN LOAN SERVICES by Shashi Sheth, a Notary Public of the State of California, an independent third party.

j) Respondent was given the mandatory 3 days to respond, not including the day of receipt, and 3 additional days for mailing their reply.

j) The time expired on September 15, 2007& September 27, 2007 with no response from the Respondent

k) On or before September 18, 2007 & September 30, 2007, a NOTICE OF DEFAULT an DERTIFICATE OF DISHONOR, by NOTORIAL PROREST, was served by First Class U.S. Mail, Certified Mail # 7006 3450 0001 2035 3746 & 7006 3450 0001 2036 7316, Return Receipt Requested on the Libellee/Respondent, COUNTRYWIDE by Shashi Sheth, a Notary Public of the State of Arizona, an independent third party.

l) On September 18, 2007 & September 30, 2007, the Libellee/Respondent, FIRST FRANKLIN LOAN SERVICES was sent an INVOICE and NOTICE FOR DEMAND AND SETTLEMENT FOR CLOSING OF THE ESCROW by Certified Mail.

m) The respondent received the documents; INVOICE and NOTICE FOR DEMAND AND SETTLEMENT FOR CLOSING OF THE ESCROW on September 18, 2007.

n) Libellee/Respondent, FIRST FRANKLIN LOAN SERVICES was given 30 days for Settlement and for Closing of the Escrow.

0) The 30 days expired on October 18, 2007 without a response from the Libellee/Respondent FIRST FRANKLIN LOAN SERVICES.

p) The Libellees/Respondents failed to respond and answer and are in Collateral Estoppel, Tacit Procuration, Stare Decisis, Estoppel, by Acquiescence and Res Judicata by Agreement and cannot proceed, Administrative or Judicial without committing perjury and causing further injury to the injured party petitioner/libellant/Claimant

q) The Libellees/Defendants can not obtain a dismissal or summary judgment without sworn competent witness testimony and can not do so because they are estopped by their own actions and inactions and any attempts to appear are a hostile presentment before this Court and are further culpable.

r) There is no controversy from any party that stands, and this Court is mandated to enforce the Agreement/Contract and grant the relief as sought in the Accounting and True Bill, or they are found in violation of the impairment of contracts pursuant to Article 1, § 10 of the United States Constitution and the D.C. Codes IN FACT, and that;

s) If the court attempts to dismiss the injured party petitioner/libellant/Claimant's claim, it is a VOID JUDGMENT pursuant to FRCP 60 (b)(4) STATEMENTS OF COUNCIL IN BRIEF OR IN ARGUMENT ARE NOT SUFFICIENT FOR **A MOTION TO DISMISS OR FOR SUMMARY JUDGMENT** Trinsey V. Pagliaro D.C. Pa (1964), 229 F. Supp 647 for lack of subject matter jurisdiction and judicial misconduct and Scienter Criminal Act without immunity.

t) Any attempts by anyone to trespass the injured third party petitioner/libellant, intervenor's claim Agreement/Contract is committing Criminal Barratry and Piracy on the high seas of Admiralty law.

u) The injured the injured party petitioner/libellant/Claimant's holds a priority commercial claim against the debtor named OSCAR HERNANDEZ, Stramineus Homo, A U.S. Vessel by legal definition, and no one has an insurable interest other than the injured the injured party petitioner/libellant/Claimant.

v) Because the claim is filed on parties within an insolvent state and nation, there is an insurance interest issue in this instant action and that Unknown Agents dbf FIRST FRANKLIN, US VESSEL, have insured this case and/or bonded under their Errors and Omissions Insurance Policy; they are found in insurance fraud, mail fraud, wire fraud, and conspiracy to commit such, and undue enrichment, fraud, and numerous other Scienter Acts, including, but not limited to, Continuous Torts.

w) The risk management for the FIRST FRANKLIN is under notice that there is continuous irreparable harm and damage to the injured party petitioner/libellant/Claimant's and the bonds and insurance in this instant action belong to the injured the injured party petitioner/libellant/Claimant's, and the substitute plaintiff trustee/third party co-Libellee Agents, US VESSEL are the obligated party(ies) and do surrender their Public Hazard Bond and risk management by taking such risks in promulgating this instant action in bad faith and fraud and causing an injury in the Public.

x) The injured party petitioner/libellant/Claimant' is the Holder in Due Course of the US Vessel and its Trade Name by security agreement.

y) The court takes JUDICIAL NOTICE that the conclusive evidence is entered into evidence before the court attached to this pleading as though fully incorporated thereof and is found under the heading: ADMINISTRATIVE REMEDY.

z) The court takes JUDICIAL NOTICE that the conclusive evidence is now entered into Case Number ____________ and submitted to this court and attached to this pleading and is found under the heading ADMINISTRATIVE REMEDY, which is conclusive evidence that the Injured Third Party Intervenor/Libellant is the superior lien holder of the US VESSEL and TRADE NAME registered as OSCAR HERNANDEZ.

## CONCLUSION

1. That the Injured Party/Libellant is demonstrating to this court that he holds in due course the conclusive evidence perfected in Administrative Law that without a doubt or reservation he is the holder in due course of the CLAIM/AGREEMENT/CONTRACT and holds the BOND pursuant to the Uniform Commercial Code.

2. The Third Party Defendants/Libellees failed to state a claim by which relief can be granted pursuant to FRCP 12 (b) (6).

3. Failure of this court to enter and execute DECLARATORY JUDGMENT BY ESTOPPEL in favor of Injured Third Party Intervenor/Libellant is a denial of due process and equal access to justice and creates another injury in the public and enlarges the SUM CERTAIN an amount to be determined by a jury, compensatory and punitive.

## RELIEF SOUGHT

A. That the AGREEMENT/CONTRACT be enforced as the third party/defendants/libellees are in trespass and violation of the AGREEMENT/CONTRACT and have failed to state a claim upon which relief can be granted.

B. That the Court enforce the Administrative findings in the perfected agreement and the order of relief by enforcement of the Agreement/Contract and the accounting and true bill found in the INVOICE for injury

against and sustained by the injured third party petitioner/libellant, intervenor; compensatory damages and punitive damages pursuant to CLEOPATRA HASLIP et al. v. PACIFIC MUTUAL LIFE INSURANCE, INC. 499 U.S.1, 113; Fed 2d 1, 111 § 1032, with a sum certain of $51,772,333.80 USD, to be paid in full by the third party libellees by November 5, 2007.will apply to original Libellees and any other DOES, ROES and MOES who trespass the AGREEMENT/CONTRACT JUDGMENT BY ESTOPPEL.

C. That the court order, cancels any and all liens that FIRST FRANKLIN has recorded against OSCAR HERNANDEZ, US CESSEL, of derivatives of the Eng Legis, thereof at the Maricopa County Recorder and/or the Arizona Secretary of State, UCC Section.

D. That the court order a Data Integrity Board and Comptroller of the Currency Investigation pursuant to 5 U.S.C. 552(a)(d) for this instant action.

E. That the Court Clerk/Warrant Officer enforce any Certificates of Exigency for any and all hostile presentments appearing in this court, written or oral, after the default found in the Administrative Law Process, is a Criminal Act, and a Certificate of Exigency is filed with the warrant officer/court clerk, which mandates a warrant of arrest for all parties now found in criminal acts according to the provisions "within the admiralty."

F. Any other relief deemed appropriate by this Court.

And further Affiant Sayeth Naught

By [signature], affiant
Oscar: Hernandez

**COMMERCIAL OATH AND VERIFICATION**

San Francisco County )
) Commercial Oath and Verification
State of California )

Libellant, Oscar: Hernandez, under his Commercial Oath with unlimited liability proceeding in good faith, being of sound mind states that the facts contained herein are true, correct, complete, certain and not misleading. I speak the truth, the whole truth and nothing but the truth so help me God.

[signature]
Oscar: Hernandez, Creditor Libellant/Affiant

State of California )
) ss
SAN MATEO ~~San Francisco~~ County )

Subscribed before me, Shashi Sheth a Notary Public, this 29 day of OCT, 2007

[signature]
Notary

SHASHI SHETH
Commission # 1618359
Notary Public - California
San Mateo County
My Comm. Expires Nov 30, 2009

Conditional Acceptance
Oscar Hernandez
Escrow Number 20070101
Certified Mail Number 7005 3110 0000 2345 3372
Oscar Hernandez
16 NEWTON ST.
San Francisco CA
Zip Code Exempt
[DMM 122.32] as amended

FIRST FRANKLIN LOAN SERVICES
P.O. BOX 660598
DALLAS, TX 75266-0598

August 2, 2007

# NOTICE

# CONDITIONAL ACCEPTANCE

## Administrative Procedures Act, 5 USC § 552a seq.

When determination of the constitutional issue depends on factual determinations, they should be made first by the administrative officials who are especially equipped to inquire, in the first instance, into the facts." Roadway Express v Kingsley, 179 Atlantic 2d 729, 732.

### ADMINISTRATIVE PROCESS

"Held, that the constitutionality of an agency's procedure may be challenged in a judicial reviewing court without first challenging in the agency and without first exhausting administrative remedies on the questions." Mathews v Eldridge, 424 US 319 (1976)

However, Claimant believes that because it is a sharp departure from previous law and in certain respects, contrary to the clear words before it, Claimant has exhausted his administrative remedy, as the historical holdings are clearly cut as to demanded procedure.

"Administrative exhaustion is demanded where constitutional challenge is to the statute as applied by the agency". Matters v City, 219 NW2d 718

"Where the challenge is to the statute administered, the exhaustion requirement does serve a useful purpose. The courts should not rule that a statute is unconstitutionally administered when the available avenues of administration has not been explored." Metcalf v Swank, 444 F.2d 1353, 1357 (7th Cir 1971), vacated on other grounds, 406 US 1114 (1972)

"When determination of the constitutional issue depends on factual determinations, they should be made first by the administrative officials who are especially equipped to inquire, in the first instance, into the facts." Roadway Express v Kingsley, 179 A.2d 729, 732

### HISTORY OF CASE DEMANDS ADMINISTRATIVE PROCESS

An Administrative process is vital on this matter as Claimant became an aggrieved party suffering legal wrongs. No administrative hearing or record of facts, of the matter for review, or issues for review were extant. Claimant has now been heard and has exhausted his Administrative Remedy.

Before a matter may be reviewed, a record of the Administrative Remedy proceedings must be established on the record.

The question now becomes; is FIRST FRANKLIN LOAN SERVICES an agency of government?

Pursuant to 31 CFR 202.0, it is stated, that any bank that deals in public money, the bank is actually an agency of the UNITED STATES, meaning the bank must comply with 5 USC 552a just like any other governmental agency.

*Davis vs. Elmira Savings,* 161 U.S. 275, at 283 (1896) "National banks are instrumentalities of the Federal Government, created for a public purpose, and as such necessarily subject to the paramount authority of the United States." *Anderson National Bank vs. Luckett,* 321 U.S. 233, at 252 (1943 *Marquette National Bank vs. First of Boston,* 439 U.S. 308 (1978)

**INSTRUMENTALITY RULE**

"Under this rule, corporate existence will be disregarded where a corporation (subsidiary) is so organized and controlled and its affairs so conducted as to make it only an adjunct and instrumentality of another corporation (parent corporation), and parent corporation will be responsible for the obligations of its subsidiary.
The so-called "instrumentality" or "alter ego" rule states that when a corporation is so dominated by another corporation that the subservient corporation becomes a mere instrument and is really indistinct from controlling corporation, then the corporate veil of dominated corporation will be disregarded, if to retain it results in injustice." Black's Law Dict., Abridged Sixth Edition

Oscar Hernandez is attempting to settle the disputed claim that FIRST FRANKLIN LOAN SERVICES purports to have in the transaction involving FIRST FRANKLIN LOAN SERVICES'S Account Number 1044752564 between FIRST FRANKLIN LOAN SERVICES and Oscar Hernandez

## CONDITIONAL ACCEPTANCE

Therefore; I, Oscar Hernandez, do hereby conditionally accept the purported loan under FIRST FRANKLIN LOAN SERVICES'S Account Numbers 1044752564.

The presenter, FIRST FRANKLIN LOAN SERVICES, drafting the undersigned to "AFIRM A DEBT", does NOT constitute a claim of a debt owing.

Said document, Unsigned, apparently, no one having the standing to either validate the debt or make any claims issued by the LOAN STATEMENT.

Since the 'LOAN STATEMENT', FIRST FRANKLIN LOAN SERVICES;S ACCOUNT NUMBER 1044752564, hereinafter referred to as; 'LOAN STATEMENT', were unaccompanied by an affidavit, by

alleged 'claimant' attesting it as true, correct, complete, and not misleading. Said 'LOAN STATEMENT' are stamped and conditionally accepted and attached hereto as Exhibit A -1.

Please take notice of the Conditionally Accepted attachment hereto, affixed as Exhibit A-1, which appear to be an unsubstantiated attempt to affirm the existence of a 'debt' in the absence of a certificate of claim, indicating the charges will be honored upon FIRST FRANKLIN LOAN SERVICES'S production of evidence that there is a dispute as to certain facts, as the undersigned has no knowledge as to why a corporation would proceed with the knowledge that (1) insufficient notice of a debt owing was provided; (2) exculpatory and material evidence, in the possession of a party to the action, is excluded from consideration because the party was NOT noticed of a hearing date, and was prevented from requesting a certificate of claim from the alleged injured or damaged party, (3) no sufficient process of service was received, and agents of FIRST FRANKLIN LOAN SERVICES sent documents through the U.S. MAILS without conducting the mandatory inquiry prescribed by law. The undersigned, further, is unaware of having any contract with the 'Plaintiff in the instant action, or of presenting the plaintiff with any information which would enable the plaintiff to testify upon personal knowledge, and which would eliminate 'Plaintiffs' collusion to enable unjust enrichment via fraud. Therefore, the following terms are requested before the undersigned can determine whether or not to subordinate the undersigned's priority lien in favor of an unsubstantiated claim.

The conditions, which require satisfaction, prior to full acceptance, are:

1. Proof of claim that Oscar Hernandez is obligated to perform to your demands.

2. Proof of claim that Oscar Hernandez is the party receiving the value alleged as exchanged.

3. Proof of claim that Oscar Hernandez and FIRST FRANKLIN LOAN SERVICES had a meeting of the minds regarding the waiver of notice of protest.

4. Proof of claim that Oscar Hernandez voluntarily waived notice of protest.

5. Proof of claim that Oscar Hernandez was notified of a dishonor.

6. Proof of claim that the "LOAN STATEMENT" are not an attempt to defraud said party in order `to avoid conducting a costly investigation for the truth.

7. Proof of claim that the charges delineated in the "LOAN STATEMENT", aren't an attempt by an agent of a defrauding party to assign blame for an act NOT committed by the purported 'debtor', in order to avoid conducting the inquiry mandated by law.

8. Proof of claim that the charges delineated in the "LOAN STATEMENT", isn't an attempt by an agent of a defrauding party without first hand knowledge, and upon hearsay, to presume the undersigned owes a debt.

9. Proof of claim that Oscar Hernandez received goods, services, or other benefits from the true creditor, for whom you, FIRST FRANKLIN LOAN SERVICES, purport to be.

10. Proof of claim that FIRST FRANKLIN LOAN SERVICES can and is willing to produce the original instrument contract Oscar Hernandez is alleged to have created that makes him liable.

11. Proof of claim that FIRST FRANKLIN LOAN SERVICES can and is willing to demonstrate the original instrument, which Oscar Hernandez is alleged to have created, has not been endorsed over to other parties each time, if said instrument has changed hands.

12. Proof of claim that the original instrument, which Oscar Hernandez is alleged to have created has not been endorsed over to a GSE (Government Sponsored Enterprise).

13.    Proof of claim that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that the application Oscar Hernandez is alleged to have created, isn't a security agreement.

14.    Proof of claim that Oscar Hernadez signature is on the original instrument Oscar Hernandez is alleged to have created.

15.    Proof of claim that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that the amount limit on the application isn't a line of credit.

16.    Proof of claim that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that the amount limit on the application isn't the amount of the bond behind the security.

17.    Proof of claim that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that the amount limit on the application isn't a line of credit, indicating that a third party is prepared to guarantee the 'applicant' is good for up to that amount.

18.    Proof of claim that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that the bond underwrites the creation of the funds.

19.    Proof of claim that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that the amount limit on the application doesn't provide a blank check up to the credit limit.

20.    Proof of claim that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that the amount limit on the application doesn't provide a blank check up to the credit limit, which FIRST FRANKLIN LOAN SERVICES can use whatever the 'applicant' does not' use'.

21.    Proof of claim that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that the amount limit on the application doesn't provide a blank check up to the credit limit, which FIRST FRANKLIN LOAN SERVICES uses for investments on return.

22.    Proof of claim that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot  discover that FIRST FRANKLIN LOAN SERVICES isn't the trustee on the account.

23.     Proof of claim that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that FIRST FRANKLIN LOAN SERVICES does not profit from the signature of the security agreement.

24.    Proof of claim that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that FIRST FRANKLIN LOAN SERVICES does not profit from the investments on the secured line of credit 'granted' by the application.

25.    Proof of claim that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that FIRST FRANKLIN LOAN SERVICES does not profit from the signature of the security agreement.

26. Proof of claim that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that the merchandise is merely the premium to induce the purchase of the debt.

27. Proof of claim that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that if the application Oscar Hernandez is alleged to have created, is produced, that the party possessing said instrument, isn't required to give up the line of credit.

28. Proof of claim that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that if the application Oscar Hernandez is alleged to have created, is produced, that the party possessing said instrument, isn't still using the line of credit, while FIRST FRANKLIN LOAN SERVICES is demanding payment.

29. Proof of claim that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that the FIRST FRANKLIN LOAN SERVICES isn't required to provide Oscar Hernandez with the amount Oscar Hernandez has paid in, to date.

30. Proof of claim that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that FIRST FRANKLIN LOAN SERVICES cannot admit that Oscar Hernandez has paid something to FIRST FRANKLIN LOAN SERVICES, to date.

31. Proof of claim that Oscar Hernandez willingly and knowingly accepted, or intended to accept extraordinary admiralty benefits for which you, your agency, or anyone at your agency, purport to collect.

32. Proof of claim that the FIRST FRANKLIN LOAN SERVICES is prepared to identify the true creditor.

33. Proof of claim that the 'claims' made by FIRST FRANKLIN LOAN SERVICES is predicated upon the verified claims of the true creditor 'claimant', as true, correct, complete, and not misleading.

34. Proof of claim that the 'claims' made by the FIRST FRANKLIN LOAN SERVICES is predicated upon the verified claims of the true creditor 'claimant', and not the presumptions of the collection agent, unless said agent verifies that he/she can validate the ' claims' as true, correct, complete, and not misleading, under his/her/its full commercial liability.

35. Proof of claim that the purported protest assessed against the party allegedly in dishonor, was predicated upon something other than said dishonor.

36. Proof of claim that the purported protest assessed against the party allegedly in dishonor, was predicated upon something other than said dishonor, namely the 'substantive claim'.

37. Proof of claim that the purported protest assessed against the party allegedly in dishonor, was preceded with an opportunity to cure said dishonor, prior to the making of said demand, unless a waiver of notice of protest can be produced.

38. Proof of claim that if the purported protest assessed against the party allegedly in dishonor, and was not preceded with an opportunity to cure said dishonor, prior to the making of said demand, said 'protest' is permitted, in law, to **occur in secret**.

39. Proof of claim that if the purported protest assessed against the party allegedly in dishonor, and was not preceded with an opportunity to cure said dishonor, prior to the making of said demand,

said 'protest' is permitted, in law, to **underlie the filing of an any claim, once the dishonor is cured.**

40. Proof of claim that if the purported protest assessed against the party allegedly in dishonor, and was not preceded with an opportunity to cure said dishonor, prior to the making of said demand, said 'protest' is permitted, in law, to proceed, in the absence of evidence of disclosure the notice of dishonor/protest was waived.

41. Proof of claim that there was a meeting of the minds between the undersigned and the alleged 'claimant' as to the notice of dishonor/protest.

42. Proof of claim that if the purported protest assessed against the party allegedly in dishonor, and was not preceded with an opportunity to cure said dishonor, prior to the making of said demand, the drafter of the 'LOAN STATEMENT' is not required to re-draft purported 'claimant' for an affidavit, true, correct, complete, and not misleading, stating a claim.

43. Proof of claim that the 'LOAN STATEMENT' is not an outrageous claim intended as a lure to create the status of dishonor in the undersigned.

44. Proof of claim that if the purported 'protest' did **occur in secret, the party allegedly in dishonor,** was not denied due process and the opportunity to handle his commercial affairs properly.

45. Proof of claim that the presumptions of the true 'claimant' have been attested to as true, correct, complete, and not misleading.

46. Proof of claim that the presumptions of the true 'claimant' have been attested to as true, correct, complete, and not misleading, from a 'claimant' party with personal knowledge.

47. Proof of claim that the presumptions of the true 'claimant' have been attested to as true, correct, complete, and not misleading, from the representatives of the 'claimant' party, ergo, the attorneys for said 'claimant' party, having personal knowledge.

48. Proof of claim that the attorneys for either or both the true creditor and/or its collection agency, do not know and cannot discover that the 'LOAN STATEMENT' is an outrageous claim designed to lure the undersigned into a dishonor.

49. Proof of claim that the attorneys for either or both the true creditor and/or its collection agency, do not know or cannot discover that the 'LOAN STATEMENT' is an outrageous claim designed to lure the undersigned into a dishonor, under the full commercial liability of each associated with the 'LOAN STATEMENT'.

50. Proof of claim that any controversy requiring settlement can be done by anything other than via payment of asset monies, to discharge the 'claims'/charges entered into bookkeeping entries, which the undersigned offers via this Conditional Acceptance.

51. Proof of claim that any controversy requiring settlement can be done by anything other than via payment of asset monies, no matter how long said establishment of the account takes, to insure proper and complete delivery of asset instruments.

52. Proof of claim that evidence (of the admissible kind) which establishes that if the undersigned is now offering settlement of the alleged 'claims', regardless of the nature of the debt, the identity of the 'debtor' and/or the method of settlement, in asset funds pending the establishment of said account, in order to permanently close the alleged account, the true creditor or its collection agency is not required to await the establishment of the asset money account.

53. Proof of claim that evidence (of the admissible kind) which establishes that the prior dishonor of the undersigned was anything other than inadvertent.

54. Proof of claim that the charges delineated in the LOAN STATEMENT are due and owing by the entity cited thereon.

**NOTICE**

Failure of responding or rebutting, shall be deemed as agreement with the facts stated in the affidavit in support, hereto attached, mandating the immediate carrying out of the settlement negotiations, to demonstrate the performance obligation, now that the inadvertent dishonor is cured, by you or your agents, in order to maintain the honor bestowed by said draft. Your response must be in affidavit form, under your full commercial liability, rebutting each of my points, on a point-by-point basis, that the facts contained therein, are true, correct, complete and not misleading. Declarations are insufficient, as declarations permit lying by omission, which no honorable draft may contain.

Very truly yours,

Oscar Hernandez

All reply's are to be mailed to:

Attachment:
Exhibit A-1

State of California, County Of San Mateo
Subscribed & sworn before me
On 11 day of Aug, 2007
By OSCAR HERNANDEZ
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature ______________

SHASHI SHETH
Commission # 1618359
Notary Public - California
San Mateo County
My Comm. Expires Nov 30, 2009

Letter Rogatory
Oscar Hernandez
Escrow Number 20070101
Certified Mail Number 7006 3450 0001 2034 9343
Oscar Hernandez
16 NEWTON
San Francisco CA
Zip Code Exempt
[DMM 122.32] as amended

FIRST FRANKLIN LOAN SERVICES
P.O. BOX 660598
DALLAS, TX 75266-0598

August 2 , 2007

# NOTICE

***LETTER - ROGATORY***

RE: OFFER FOR SETTLEMENT AND CLOSURE VIA MUTUAL FACT FINDING

I, Oscar Hernandez, hereby accepts for value and return for value, the, "LOAN STATEMENT" of COUNRTYWIDE'S Loan Number 1044752564 for the purpose of agreeing to fully cooperate by providing all responses necessary to effectuate settlement and closure of said investigation, and requesting that FIRST FRANKLIN LOAN SERVICES'S Attorney join in the mutual resolution of any issues which may result after FIRST FRANKLIN LOAN SERVICES'S Attorney conducts a full, well-rounded investigation to determine the need for further investigation from the undersigned. Said document, deemed a presentment, is labeled Exhibit A-1 and is attached to the Conditional acceptance.

In addition, you are also requested to send the attached affidavit (make one copy for each purported 'complainant', although you may disallow/disregard/disdain any reports from parties (a) unwilling to put their full commercial liability on the line by signing said affidavit; (b) attempting to use FIRST FRANKLIN LOAN SERVICES'S Attorney or employees to continue to exact property as promised in Exhibit A-1, which resulted in an injury herein referenced as a way to bribing/inducing/influencing employees to generate harassing procedures against the undersigned, who do not have personal knowledge of the undersigned's intent, policies, practices, or compliance with the law.

Lastly, you are requested to designate which meaning of certain terms bearing various connotations, are used in the questions posed, so the undersigned may avoid presumptions as to the true intent of the question. Words like 'anyone', 'person', OSCAR HERNANDEZ or Oscar Hernandez should not be presumed to be either the same, or interchangeable, or excluding or including limited groups or classes of people, if accurate responses are the true purpose of the investigation. The undersigned has no intent to dishonor any presentment, and desires to assist in the immediate resolution of 'real issues', but believes that the duty exists to save all parties unnecessary efforts which may do nothing except generate a fleeting joy for misguided employee attempting to pull out all stops to cause injury, embarrassment, and humiliation to the undersigned.

Therefore you are requested to initiate your investigation by focusing on the true reason said allegations were instigated, before unnecessary, pointless, and vindictive actions drive unprovoked and wasteful efforts to accommodate complainant's wrath against the undersigned.

Your responses to the following requests will form the basis for the undersigned's responses and duty to quell actual claims from true complainants, which is an obligation the undersigned welcomes, so the public may operate without interference.

**List of Requests necessary before the undersigned can determine if the intent is to harass by**

**generating 'argument', controversy, and loss of good will, or to actually resolve an injury or damage to a genuine complainant:**

1. Show that Oscar Hernandez is obligated to perform to your demands.

2. Show that Oscar Hernandez is the party receiving the value alleged as exchanged.

3. Show that Oscar Hernandez and FIRST FRANKLIN LOAN SERVICES had a meeting of the minds regarding the waiver of notice of protest.

4. Show that Oscar Hernandez voluntarily waived notice of protest.

5. Show that Oscar Hernandez was notified of a dishonor.

6. Show that the "LOAN STATEMENT" are not an attempt to defraud said party in order `to avoid conducting a costly investigation for the truth.

7. Show that the charges delineated in the "LOAN STATEMENT", aren't an attempt by an agent of a defrauding party to assign blame for an act NOT committed by the purported 'debtor', in order to avoid conducting the inquiry mandated by law.

8. Show that the charges delineated in the "LOAN STATEMENT", isn't an attempt by an agent of a defrauding party without first hand knowledge, and upon hearsay, to presume the undersigned owes a debt.

9. Show that Oscar Hernandez received goods, services, or other benefits from the true creditor, for whom you, FIRST FRANKLIN LOAN SERVICES, purport to be.

10. Show that FIRST FRANKLIN LOAN SERVICES can and is willing to produce the original instrument contract Oscar Hernandez is alleged to have created that makes him liable.

11. Show that FIRST FRANKLIN LOAN SERVICES can and is willing to demonstrate the original instrument, which Oscar Hernandez is alleged to have created, has not been endorsed over to other parties each time, if said instrument has changed hands.

12. Show that the original instrument, which Oscar Hernandez is alleged to have created has not been endorsed over to a GSE (Government Sponsored Enterprise).

13. Show that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that the application Oscar Hernandez is alleged to have created, isn't a security agreement.

14. Show that Oscar Hernandez signature is on the original instrument Oscar Hernandez is alleged to have created.

15. Show that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that the amount limit on the application isn't a line of credit.

16. Show that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that the amount limit on the application isn't the amount of the bond behind the security.

17. Show that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that the amount limit on the application isn't a line of

credit, indicating that a third party is prepared to guarantee the 'applicant' is good for up to that amount.

18. Show that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that the bond underwrites the creation of the funds.

19. Show that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that the amount limit on the application doesn't provide a blank check up to the credit limit.

20. Show that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that the amount limit on the application doesn't provide a blank check up to the credit limit, which FIRST FRANKLIN LOAN SERVICES can use whatever the 'applicant' does not' use'.

21. Show that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that the amount limit on the application doesn't provide a blank check up to the credit limit, which FIRST FRANKLIN LOAN SERVICES uses for investments on return.

22. Show that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that FIRST FRANKLIN LOAN SERVICES isn't the trustee on the account.

23. Show that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that FIRST FRANKLIN LOAN SERVICES does not profit from the signature of the security agreement.

24. Show that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that FIRST FRANKLIN LOAN SERVICES does not profit from the investments on the secured line of credit 'granted' by the application.

25. Show that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that FIRST FRANKLIN LOAN SERVICES does not profit from the signature of the security agreement.

26. Show that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that the merchandise is merely the premium to induce the purchase of the debt.

27. Show that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that if the application Oscar Hernandez is alleged to have created, is produced, that the party possessing said instrument, isn't required to give up the line of credit.

28. Show that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that if the application Oscar Hernandez is alleged to have created, is produced, that the party possessing said instrument, isn't still using the line of credit, while FIRST FRANKLIN LOAN SERVICES is demanding payment.

29. Show that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that the FIRST FRANKLIN LOAN SERVICES isn't required to provide Oscar Hernandez with the amount Oscar Hernandez has paid in, to date.

30. Show that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that FIRST FRANKLIN LOAN SERVICES cannot

admit that Oscar Hernandez has paid something to FIRST FRANKLIN LOAN SERVICES, to date.

31. Show that Oscar Hernandez willingly and knowingly accepted, or intended to accept extraordinary admiralty benefits for which you, your agency, or anyone at your agency, purport to collect.

32. Show that the FIRST FRANKLIN LOAN SERVICES is prepared to identify the true creditor.

33. Show that the 'claims' made by FIRST FRANKLIN LOAN SERVICES is predicated upon the verified claims of the true creditor 'claimant', as true, correct, complete, and not misleading.

34. Show that the 'claims' made by the FIRST FRANKLIN LOAN SERVICES is predicated upon the verified claims of the true creditor 'claimant', and not the presumptions of the collection agent, unless said agent verifies that he/she can validate the ' claims' as true, correct, complete, and not misleading, under his/her/its full commercial liability.

35. Show that the purported protest assessed against the party allegedly in dishonor, was predicated upon something other than said dishonor.

36. Show that the purported protest assessed against the party allegedly in dishonor, was predicated upon something other than said dishonor, namely the 'substantive claim'.

37. Show that the purported protest assessed against the party allegedly in dishonor, was preceded with an opportunity to cure said dishonor, prior to the making of said demand, unless a waiver of notice of protest can be produced.

38. Show that if the purported protest assessed against the party allegedly in dishonor, and was not preceded with an opportunity to cure said dishonor, prior to the making of said demand, said 'protest' is permitted, in law, to **occur in secret**.

39. Show that if the purported protest assessed against the party allegedly in dishonor, and was not preceded with an opportunity to cure said dishonor, prior to the making of said demand, said 'protest' is permitted, in law, to **underlie the filing of an any claim, once the dishonor is cured.**

40. Show that if the purported protest assessed against the party allegedly in dishonor, and was not preceded with an opportunity to cure said dishonor, prior to the making of said demand, said 'protest' is permitted, in law, to proceed, in the absence of evidence of disclosure the notice of dishonor/protest was waived.

41. Show that there was a meeting of the minds between the undersigned and the alleged 'claimant' as to the notice of dishonor/protest.

42. Show that if the purported protest assessed against the party allegedly in dishonor, and was not preceded with an opportunity to cure said dishonor, prior to the making of said demand, the drafter of the 'LOAN STATEMENT' is not required to re-draft purported 'claimant' for an affidavit, true, correct, complete, and not misleading, stating a claim.

43. Show that the 'LOAN STATEMENT' is not an outrageous claim intended as a lure to create the status of dishonor in the undersigned.

44. Show that if the purported 'protest' did **occur in secret, the party allegedly in dishonor,** was not denied due process and the opportunity to handle his commercial affairs properly.

45. Show that the presumptions of the true 'claimant' have been attested to as true, correct, complete, and not misleading.

46. Show that the presumptions of the true 'claimant' have been attested to as true, correct, complete, and not misleading, from a 'claimant' party with personal knowledge.

47. Show that the presumptions of the true 'claimant' have been attested to as true, correct, complete, and not misleading, from the representatives of the 'claimant' party, ergo, the attorneys for said 'claimant' party, having personal knowledge.

48. Show that the attorneys for either or both the true creditor and/or its collection agency, do not know and cannot discover that the 'LOAN STATEMENT' is an outrageous claim designed to lure the undersigned into a dishonor.

49. Show that the attorneys for either or both the true creditor and/or its collection agency, do not know or cannot discover that the 'LOAN STATEMENT' is an outrageous claim designed to lure the undersigned into a dishonor, under the full commercial liability of each associated with the 'LOAN STATEMENT'.

50. Show that any controversy requiring settlement can be done by anything other than via payment of asset monies, to discharge the 'claims'/charges entered into bookkeeping entries, which the undersigned offers via this Conditional Acceptance.

51. Show that any controversy requiring settlement can be done by anything other than via payment of asset monies, no matter how long said establishment of the account takes, to insure proper and complete delivery of asset instruments.

52. Show that evidence (of the admissible kind) which establishes that if the undersigned is now offering settlement of the alleged 'claims', regardless of the nature of the debt, the identity of the 'debtor' and/or the method of settlement, in asset funds pending the establishment of said account, in order to permanently close the alleged account, the true creditor or its collection agency is not required to await the establishment of the asset money account.

53. Show that evidence (of the admissible kind) which establishes that the prior dishonor of the undersigned was anything other than inadvertent.

54. Show that the charges delineated in the LOAN STATEMENT are due and owing by the entity cited thereon.

**NOTICE**

**Failure of responding or rebutting, shall be deemed as agreement with the facts stated in the affidavit in support, hereto attached,** mandating the immediate carrying out of the request to correct the record, and, in the absence of a certificate of claim, cease and desist any attempted collection of non owing debt, by you or your agents, in order to maintain the honor bestowed by said draft. Your response must be in affidavit form, under your full commercial liability, rebutting each of my points, on a point-by-point basis, that the facts contained therein, are true, correct, complete and not misleading. Declarations are insufficient, as declarations permit lying by omission, which no honorable draft may contain.

Very truly yours,

Oscar Hernandez

All reply's are to be mailed to:

Attachment: (Affidavit)

State of California, County Of San Mateo
Subscribed & sworn before me
On 11 day of AUG, 2007
By OSCAR HERNANDEZ
Proved to me on the basis of satisfactory evidence
to be the person(s) who appeared before me.

Signature [signature]

SHASHI SHETH
Commission # 1618359
Notary Public - California
San Mateo County
My Comm. Expires Nov 30, 2009

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California
County of SAN MATEO } ss.

On 8/11/07 before me, Shashi Sheth, notary public
Date — Name and Title of Officer (e.g., "Jane Doe, Notary Public")

personally appeared OSCAR HERNANDEZ,
Name(s) of Signer(s)

☐ personally known to me
☒ proved to me on the basis of satisfactory evidence

to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

SHASHI SHETH
Commission # 1618359
Notary Public - California
San Mateo County
My Comm. Expires Nov 30, 2009

WITNESS my hand and official seal.

[signature]
Signature of Notary Public

## OPTIONAL

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

### Description of Attached Document

Title or Type of Document: NOTICE - LETTER REQUEST

Document Date: 8/11/07 Number of Pages: 5

Signer(s) Other Than Named Above: ______

### Capacity(ies) Claimed by Signer

Signer's Name: ______

☐ Individual
☐ Corporate Officer — Title(s): ______
☐ Partner — ☐ Limited ☐ General
☐ Attorney-in-Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: ______

Signer Is Representing: ______

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

© 1999 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.nationalnotary.org Prod. No. 5907 Reorder: Call Toll-Free 1-800-876-6827

Affidavit
Oscar Hernandez
Escrow Number 20070101
Certified Mail Number 7005 3110 0000 2345 3365

San Francisco County )
)
Asseveration )
)
California state ) L. S. ____________________
{SEAL}

The united States of America) only in capacity as beneficiary of the Original Jurisdiction

FIAT JUSTITIA, RUAT COELUM Let Right Be Done,
Though The Heavens Should Fall

**AFFIDAVIT in SUPPORT OF LETTER ROGATORY**

I, Oscar Hernandez, in correct public capacity as beneficiary to the Original Jurisdiction, being of majority in age, competent to testify, a self realized entity, a free man upon the land, my yes be yes, my no be no, do state that the truths and facts herein are of first hand personal knowledge, true, correct, complete, certain, not misleading, so help me YHVH.

1. Affiant has not seen or been presented with any material fact or evidence that Oscar Hernandez is obligated to perform to your demands and believes that none exists.

2. Affiant has not seen or been presented with any material fact or evidence that Oscar Hernandez is the party receiving the value alleged as exchanged and believes that none exists.

3. Affiant has not seen or been presented with any material fact or evidence that Oscar Hernandez and FIRST FRANKLIN LOAN SERVICES had a meeting of the minds regarding the waiver of notice of protest and believes that none exists.

4. Affiant has not seen or been presented with any material fact or evidence that Oscar Hernandez voluntarily waived notice of protest and believes that none exists.

5. Affiant has not seen or been presented with any material fact or evidence that Oscar Hernandez was notified of a dishonor and believes that none exists.

6. Affiant has not seen or been presented with any material fact or evidence that the "LOAN STATEMENT" are not an attempt to defraud said party in order `to avoid conducting a costly investigation for the truth and believes that none exists.

7. Affiant has not seen or been presented with any material fact or evidence that the charges delineated in the "LOAN STATEMENT", aren't an attempt by an agent of a defrauding party to assign blame for an act NOT committed by the purported 'debtor', in order to avoid conducting the inquiry mandated by law and believes that none exists.

8. Affiant has not seen or been presented with any material fact or evidence that the charges delineated in the "LOAN STATEMENT", isn't an attempt by an agent of a defrauding party without first hand knowledge, and upon hearsay, to presume the undersigned owes a debt and believes that none exists.

9. Affiant has not seen or been presented with any material fact or evidence that Oscar Hernandez received goods, services, or other benefits from the true creditor, for whom you, FIRST FRANKLIN LOAN SERVICES, purport to be and believes that none exists.

10. Affiant has not seen or been presented with any material fact or evidence that FIRST FRANKLIN LOAN SERVICES can and is willing to produce the original instrument contract Oscar Hernandez is alleged to have created that makes him liable and believes that none exists.

11. Affiant has not seen or been presented with any material fact or evidence that FIRST FRANKLIN LOAN SERVICES can and is willing to demonstrate the original instrument, which Oscar Hernandez is alleged to have created, has not been endorsed over to other parties each time, if said instrument has changed hands and believes that none exists.

12. Affiant has not seen or been presented with any material fact or evidence that the original instrument, which Oscar Hernandez is alleged to have created has not been endorsed over to a GSE (Government Sponsored Enterprise) and believes that none exists.

13. Affiant has not seen or been presented with any material fact or evidence that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that the application Oscar Hernandez is alleged to have created, isn't a security agreement and believes that none exists.

14. Affiant has not seen or been presented with any material fact or evidence that Oscar Hernandez signature is on the original instrument Oscar Hernandez is alleged to have created and believes that none exists.

15. Affiant has not seen or been presented with any material fact or evidence that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that the amount limit on the application isn't a line of credit and believes that none exists.

16. Affiant has not seen or been presented with any material fact or evidence that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that the amount limit on the application isn't the amount of the bond behind the security and believes that none exists.

17. Affiant has not seen or been presented with any material fact or evidence that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that the amount limit on the application isn't a line of credit, indicating that a third party is prepared to guarantee the 'applicant' is good for up to that amount and believes that none exists.

18. Affiant has not seen or been presented with any material fact or evidence that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that the bond underwrites the creation of the funds and believes that none exists.

19. Affiant has not seen or been presented with any material fact or evidence that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that the amount limit on the application doesn't provide a blank check up to the credit limit and believes that none exists.

20. Affiant has not seen or been presented with any material fact or evidence that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that the amount limit on the application doesn't provide a blank check up to the credit limit, which FIRST FRANKLIN LOAN SERVICES can use whatever the 'applicant' does not' use' and believes that none exists

21. Affiant has not seen or been presented with any material fact or evidence that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that the amount limit on the application doesn't provide a blank check up to the credit limit, which FIRST FRANKLIN LOAN SERVICES uses for investments on return and believes that none exists.

22. Affiant has not seen or been presented with any material fact or evidence that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that FIRST FRANKLIN LOAN SERVICES isn't the trustee on the account and believes that none exists.

23. Affiant has not seen or been presented with any material fact or evidence that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that FIRST FRANKLIN LOAN SERVICES does not profit from the signature of the security agreement and believes that none exists.

24. Affiant has not seen or been presented with any material fact or evidence that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that FIRST FRANKLIN LOAN SERVICES does not profit from the investments on the secured line of credit 'granted' by the application and believes that none exists.

25. Affiant has not seen or been presented with any material fact or evidence that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that FIRST FRANKLIN LOAN SERVICES does not profit from the signature of the security agreement and believes that none exists.

26. Affiant has not seen or been presented with any material fact or evidence that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that the merchandise is merely the premium to induce the purchase of the debt and believes that none exists.

27. Affiant has not seen or been presented with any material fact or evidence that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that if the application Oscar Hernandez is alleged to have created, is produced, that the party possessing said instrument, isn't required to give up the line of credit and believes that none exists.

28. Affiant has not seen or been presented with any material fact or evidence that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that if the application Oscar Hernandez is alleged to have created, is produced, that the party possessing said instrument, isn't still using the line of credit, while FIRST FRANKLIN LOAN SERVICES is demanding payment and believes that none exists.

29. Affiant has not seen or been presented with any material fact or evidence that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that the FIRST FRANKLIN LOAN SERVICES isn't required to provide Oscar Hernandez with the amount Oscar Hernandez has paid in, to date and believes that none exists.

30. Affiant has not seen or been presented with any material fact or evidence that FIRST FRANKLIN LOAN SERVICES or FIRST FRANKLIN LOAN SERVICES'S attorneys do not know or cannot discover that FIRST FRANKLIN LOAN SERVICES cannot admit that Oscar Hernandez has paid something to FIRST FRANKLIN LOAN SERVICES, to date and believes that none exists.

31. Affiant has not seen or been presented with any material fact or evidence that Oscar Hernandez willingly and knowingly accepted, or intended to accept extraordinary admiralty benefits for which you, your agency, or anyone at your agency, purport to collect and believes that none exists.

32. Affiant has not seen or been presented with any material fact or evidence that the FIRST FRANKLIN LOAN SERVICES is prepared to identify the true creditor and believes that none exists.

33. Affiant has not seen or been presented with any material fact or evidence that the 'claims' made by FIRST FRANKLIN LOAN SERVICES is predicated upon the verified claims of the true creditor 'claimant', as true, correct, complete, and not misleading and believes that none exists.

34. Affiant has not seen or been presented with any material fact or evidence that the 'claims' made by the FIRST FRANKLIN LOAN SERVICES is predicated upon the verified claims of the true creditor/'claimant', and not the presumptions of the collection agent, unless said agent verifies that he/she can validate the ' claims' as true, correct, complete, and not misleading, under his/her/its full commercial liability and believes that none exists.

35. Affiant has not seen or been presented with any material fact or evidence that the purported protest assessed against the party allegedly in dishonor, was predicated upon something other than said dishonor and believes that none exists.

36. Affiant has not seen or been presented with any material fact or evidence that the purported protest assessed against the party allegedly in dishonor, was predicated upon something other than said dishonor, namely the 'substantive claim' and believes that none exists.

37. Affiant has not seen or been presented with any material fact or evidence that the purported protest assessed against the party allegedly in dishonor, was preceded with an opportunity to cure said dishonor, prior to the making of said demand, unless a waiver of notice of protest can be produced and believes that none exists

38. Affiant has not seen or been presented with any material fact or evidence that if the purported protest assessed against the party allegedly in dishonor, and was not preceded with an opportunity to cure said dishonor, prior to the making of said demand, said 'protest' is permitted, in law, to **occur in secret** and believes that none exists.

39. Affiant has not seen or been presented with any material fact or evidence that if the purported protest assessed against the party allegedly in dishonor, and was not preceded with an opportunity to cure said dishonor, prior to the making of said demand, said 'protest' is permitted, in law, to **underlie the filing of an any claim, once the dishonor is cured** and believes that none exists

40. Affiant has not seen or been presented with any material fact or evidence that if the purported protest assessed against the party allegedly in dishonor, and was not preceded with an opportunity to cure said dishonor, prior to the making of said demand, said 'protest' is permitted, in law, to proceed, in the absence of evidence of disclosure the notice of dishonor/protest was waived.

41. Affiant has not seen or been presented with any material fact or evidence that there was a meeting of the minds between the undersigned and the alleged 'claimant' as to the notice of dishonor/protest and believes that none exists.

42. Affiant has not seen or been presented with any material fact or evidence that if the purported protest assessed against the party allegedly in dishonor, and was not preceded with an opportunity to cure said dishonor, prior to the making of said demand, the drafter of the 'LOAN STATEMENT' is not required to re-draft purported 'claimant' for an affidavit, true, correct, complete, and not misleading, stating a claim and believes that none exists.

43. Affiant has not seen or been presented with any material fact or evidence that the 'LOAN STATEMENT' is not an outrageous claim intended as a lure to create the status of dishonor in the undersigned and believes that none exists.

44. Affiant has not seen or been presented with any material fact or evidence that if the purported 'protest' did **occur in secret, the party allegedly in dishonor,** was not denied due process and the opportunity to handle his commercial affairs properly and believes that none exists.

45. Affiant has not seen or been presented with any material fact or evidence that the presumptions of the true 'claimant' have been attested to as true, correct, complete, and not misleading.

46. Affiant has not seen or been presented with any material fact or evidence that the presumptions of the true 'claimant' have been attested to as true, correct, complete, and not misleading, from a 'claimant' party with personal knowledge and believes that none exists.

47. Affiant has not seen or been presented with any material fact or evidence that the presumptions of the true 'claimant' have been attested to as true, correct, complete, and not misleading, from the representatives of the 'claimant' party, ergo, the attorneys for said 'claimant' party, having personal knowledge and believes that none exists.

48. Affiant has not seen or been presented with any material fact or evidence that the attorneys for either or both the true creditor and/or its collection agency, do not know and cannot discover that the 'LOAN STATEMENT' is an outrageous claim designed to lure the undersigned into a dishonor and believes that none exists.

49. Affiant has not seen or been presented with any material fact or evidence that the attorneys for either or both the true creditor and/or its collection agency, do not know or cannot discover that the 'LOAN STATEMENT' is an outrageous claim designed to lure the undersigned into a dishonor, under the full commercial liability of each associated with the 'LOAN STATEMENT' and believes that none exists.

50. Affiant has not seen or been presented with any material fact or evidence that any controversy requiring settlement can be done by anything other than via payment of asset monies, to discharge the 'claims'/charges entered into bookkeeping entries, which the undersigned offers via this Conditional Acceptance and believes that none exists.

51. Affiant has not seen or been presented with any material fact or evidence that any controversy requiring settlement can be done by anything other than via payment of asset monies, no matter how long said establishment of the account takes, to insure proper and complete delivery of asset instruments and believes that none exists.

52. Affiant has not seen or been presented with any material fact or evidence that evidence (of the admissible kind) which establishes that if the undersigned is now offering settlement of the alleged 'claims', regardless of the nature of the debt, the identity of the 'debtor' and/or the method of settlement, in asset funds pending the establishment of said account, in order to permanently close the alleged account, the true creditor or its collection agency is not required to await the establishment of the asset money account and believes that none exists.

53. Affiant has not seen or been presented with any material fact or evidence that evidence (of the admissible kind) which establishes that the prior dishonor of the undersigned was anything other than inadvertent and believes that none exists.

54. Affiant has not seen or been presented with any material fact or evidence that the charges delineated in the LOAN STATEMENT are due and owing by the entity cited thereon and believes that none exists.

Further, Affiant saith not.

DATED: the second day of the eighth month, in the year of our Lord, Two thousand and seven [January 1 AD 2007] near Phoenix, Arizona.

Oscar Hernandez in correct capacity as beneficiary of the Original Jurisdiction

Seal

Affidavit
Oscar Hernandez
Escrow Number 20070101
Certified Mail Number 7005 3110 0000 2345 3365

JURAT:

SUBSCRIBED AND SWOKN TO before me by Oscar Hernandez, moral sentient being, proven to me to be the flesh and blood woman signing this document this 11 day of January, 2007

SAN MATEO
~~San Francisco~~ County

Notary public for California ______________

SHASHI SHETH
Commission # 1618359
Notary Public - California
San Mateo County
My Comm. Expires Nov 30, 2009

Certificate of Service of
Conditional Acceptance, Letter Rogatory and Affidavit
Escrow Number 20070101
Certified Mail Number 7006 3450 0001 2034 9343 O.H

## CERTIFICATE OF SERVICE

On this 11 day of August 2007, I served the following by Certified Mail Number 7006 3450 0001 2034 9343 O.H Return Receipt Requested.

Conditional Acceptance, Letter Rogatory and Affidavit in support of Letter Rogatory, subscribed by Oscar Hernandez to the following party.

FIRST FRANKLIN.
P.O. BOX 660598
DALLAS,TX 75266-0598

Oscar Hernandez

'I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, certain, complete and not misleading.. Executed on this 11 th day of August, 2007

Notary

SHASHI SHETH
Commission # 1618359
Notary Public - California
San Mateo County
My Comm. Expires Nov 30, 2009

Certificate of Non Response of the
Conditional Acceptance, Letter Rogatory and Affidavit
Oscar-Alberto: Hernandez
Escrow Number 20070101
Certified Mail Number 7006 3450 0001 2035 7652

Oscar-Alberto: Hernandez
Without Prejudice
16 Newton Street
San Francisco, California
Zip Code Exempt
[DMM 122.32] as amended

FIRST FRANKLIN LOAN SERVICES
P.O. BOX 660598
DALLAS, TX 75266-0598

September 10, 2007

## NOTICE

# CERTIFICATE OF NON-RESPONSE

California State }
SAN MATEO ~~San Francisco~~ County } Scilicet
}

### COMMERCIAL OATH AND VERIFICATION

RE: NON-RESPONSE to Private Conditional Acceptance for Honor for Value and Proof of Claim in the nature of Request for discovery to exhaust s Private Administrative Remedy in the matter of Oscar-Alberto: Hernandez v. FIRST FRANKLIN LOAN SERVICES.

"Indeed, no more that (affidavits) is necessary to make a prima facia case." United States v. Kis, 658 F2d 526, 536 (7th Cir. 1981); Cert Denied, 50 US LW 2169; S. Ct. March 22, 1982.

That I, Shashi Sheth, a Notary, of the STATE OF California, in good standing, being first duly sworn, depose and say and declare by my signature that the following facts are true, correct and complete and not misleading, with first hand knowledge of the facts stated below.

I, Shashi Sheth, the undersigned, a Third Party, not a party to the matter, certify that a Private Conditional Acceptance for Honor and Value in the Nature of a Request for Discovery was sent by the undersigned to FIRST FRANKLIN LOAN SERVICES, via Certified Mail # *7005 3110 0000 2345* 3211 ~~3322~~, Return Receipt Requested with Certified Mail Number contained thereon, which was mailed by the undersigned on the ~~15th~~ 17th day of August, 2007

O.H.

O.H.

1. That the evidence shows that FIRST FRANKLIN LOAN SERVICES, named in this administrative remedy was duly served by Certified Mail on and before August ~~15~~ 27, 2007 AD. O.H.

2. That FIRST FRANKLIN LOAN SERVICES had 3 days to answer and the 3 days to answer concluded on September 2007 AD including the 3 additional; days for mailing.

3. That this CERTIFICATE OF NON RESPONSE is served on September 10, 2007, with 3 day to respond beginning the day after service and an additional 3 days for mailing the response.

4. Oscar-Alberto: Hernandez is offering FIRST FRANKLIN LOAN SERVICES an opportunity to cure the Dishonor.

Page 1 of 2 Pages

Certificate of Non Response of the
Conditional Acceptance, Letter Rogatory and Affidavit
Oscar-Alberto: Hernandez
Escrow Number 20070101
Certified Mail Number 7006 3450 0001 2035 7652

5. That no response to the initial correspondence is evidenced by U.S. MAIL or any private carrier.

6. That FIRST FRANKLIN LOAN SERVICES is in Dishonor, without recourse, and is found in agreement and harmony with Oscar-Alberto: Hernandez's Private Administrative Remedy.

7. Shashi Sheth further sayeth naught.

SUBSCRIBED AND SWORN ____________________
Shashi Sheth, Notary Acceptor

The above named affiant, personally known to me, appeared before me a Notary, Sworn and under Oath this 12 day of SEPT, 2007.

____________________

Notary

Seal

SMITA SHETH
Commission # 1625185
Notary Public - California
San Mateo County
My Comm. Expires Nov 29, 2009

Page 2 of 2 Pages

Certificate of Service of Certificate of Non Response to
Conditional Acceptance, Letter Rogatory and Affidavit
Oscar-Alberto: Hernandez
Escrow Number 20070101
Certified Mail Number 7006 3450 0001 2035 7652

# CERTIFICATE OF SERVICE

On this ~~ten~~ 12 day of September, 2007, I served the following by Certified Mail Number 7006 3450 0001 2035 7652 Return Receipt Requested.

1. CERTIFICATE OF NON RESPONSE, subscribed by Robert-John: Foote to the following party.

FIRST FRANKLIN LOAN SERVICES
P.O. BOX 660598
DALLAS, TX 75266-0598

'I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, certain, complete and not misleading.. Executed on this 12 th day of September, 2007

Notary Acceptor

**State of California, County Of San Mateo**
**Subscribed & sworn before me**
**On 12 day of SEPT, 2007**
**By OSCAR A HERNANDEZ**
**Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.**

**Signature**

SHASHI SHETH
Commission # 1618359
Notary Public - California
San Mateo County
My Comm. Expires Nov 30, 2009

Certificate of Dishonor of the
Conditional Acceptance, Letter Rogatory and Affidavit
of Oscar: Hernandez
Escrow Number 20070101
Certified Mail Number 7006 3450 0001 2036 7316

**ORIGINAL**

Oscar: Hernandez
Without Prejudice
16 Newton Street
San Francisco, California
Zip Code Exempt
[DMM 122.32] as amended

FIRST FRANKLIN LOAN SERVICES
P.O. BOX 660598
DALLAS, TX 75266-0598

September 26, 2007

## NOTICE

# CERTIFICATE OF DISHONOR

This Notarized Document is the official **CERTIFICATE OF DISHONOR** of the CONDITIONAL ACCEPTANCE, LETTER ROGATORY and AFFIDAVIT IN SUPPORT OF LETTER ROGATORY.

### NOTARIAL PROTEST CERTIFICATE

1. Oscar: Hernandez has recruited the Notary Public, Shashi Sheth, authorized to certify dishonor of the Conditional Acceptance, Letter Rogatory and Affidavit in Support of Letter Rogatory, and to present this **ADMINISTRATIVE JUDGMENT BY ESTOPPEL** against FIRST FRANKLIN LOAN SERVICES in accordance with UCC 3-505.

### COMMERCIAL OATH AND VERIFICATION

SAN MATEO
~~San Francisco~~ County )

California State )

Notary Acceptor, Shashi Sheth, under her Commercial Oath with unlimited liability, proceeding in good faith, being of sound mind states that the facts contained herein are true, correct, complete and not misleading of my private first hand knowledge and belief under penalty of International Commercial Law.

1. That the evidence shows that the parties listed above were duly served with a CERTIFICATE OF NON RESPONSE. by Certified Mail, Return Receipt Requested on September 15, 2007 AD.
2. That the three (3) days to answer concluded on September 19, 2007 AD.

CERTIFICATE OF DISHONOR

Page 1 of 2 Pages

Certificate of Dishonor of the
Conditional Acceptance, Letter Rogatory and Affidavit
of Oscar: Hernandez
Escrow Number 20070101
Certified Mail Number 7006 3450 0001 2036 7316

3. That the three (3) days for the return mailing concluded on November 22, 2006. AD

4. That the three (3) days for the OPPURTUNITY TO CURE THE DISHONOR concluded September 26, 2007 AD.

5. That the three (3) days for the return mailing concluded on September 26, 2007 AD

6. That the above named parties are now in **DISHONOR**

Notary Acceptor further sayeth naught.

SUBSCRIBED AND SWORN ______________________
Shashi Sheth, Notary Acceptor

On this, the 27 day of September, 2007, before me a Notary Public, the above, personally appeared, Shashi Sheth, known to me, or satisfactorily proven to be the being whose name is subscribed to the within instrument, and acknowledged that she executed the same for the purpose therein contained.

In Witness Whereof, I have hereunto set my hand and Notarial Seal.

______________________
Notary Public Seal

SMITA SHETH
Commission # 1625185
Notary Public - California
San Mateo County
My Comm. Expires Nov 29, 2009

CERTIFICATE OF DISHONOR

Page 2 of 2 Pages

Certificate of Service of
Certificate of Dishonor of the
Conditional Acceptance, Letter Rogatory and Affidavit
of Oscar: Hernandez
Escrow Number 20070101
Certified Mail Number 7006 3450 0001 2036 7316

## CERTIFICATE OF SERVICE

On this ~~26th~~ 27 day of September, 2007, I served the following by Certified Mail Number 7006 3450 0001 2036 7316, Return Receipt Requested.

1. CERTIFICATE OF DISHONOR, subscribed by Oscar: Hernandez to the following party.

FIRST FRANKLIN LOAN SERVICES
P.O. BOX 660598
DALLAS, TX 75266-0598

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true, correct, complete, certain, and not misleading..

Executed on this 27th day of September, 2007

Shashi Sheth, Notary Acceptor

**State of California, County Of San Mateo**
**Subscribed & sworn before me**
**On 27 day of SEPT, 2007**
**By OSCAR A HERNANDEZ**
**Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.**

**Signature**

SHASHI SHETH
Commission # 1618359
Notary Public - California
San Mateo County
My Comm. Expires Nov 30, 2009

Oscar-Alberto: Hernandez
Without Prejudice
16 Newton Street
San Francisco, California
Zip Code Exempt
[DMM 122.32] as amended

FIRST FRANKLIN LOAN SERVICES
P.O. BOX 660598
DALLAS, TX 75266-0598

September 26, 2007

# NOTICE

# I N V O I C E

## NOTICE FOR DEMAND AND SETTLEMENT, FOR CLOSING OF THE ESCROW NUMBER JPJ20070101

**FIRST FRANKLIN LOAN SERVICES, having failed to respond to the Private Remedy to correct the injury to Oscar: Hernandez, have agreed to the following True Bill in the amount stated on the invoice.**

**ACCOUNTING AND TRUE BILL**

CLEOPATRA HASLIP et al.
v.
PACIFIC MUTUAL LIFE INSURANCE, INC.
499 U.S.1, 113 Fed 2d 1, 111 S.Ct. 1032 (no. 89-1279)

For Conversion

4 times for Compensatory Damages
200 times for Punitive Damages

Invoice

**ACCOUNTING AND TRUE BILL**

Libellant is entitled to return of all funds paid by OSCAR HERNANDEZ for the year (s) 2006 and 2007 where Libellant paid monthly payments, plus all late fees and interest fraudulently charged, and $75.00 per hour for all time spent on all letters to FIRST FRANKLIN LOAN SERVICES personnel and "Acceptance for Value" paperwork through September 26, 2007.

| | | |
|---|---|---|
| **CONVERSION FOR UNAUTHORIZED ACTS AGAINST SECURED PROPERTY**<br><br>**COMPUTED AS FOLLOWS** | | |
| | | |
| $ 16,396.82 | | Sum Certain of Actual Cost Funds |
| X 4 | | Rights Violations Compensation Multiplier |
| $ 65,587.28 | | Compensatory Damages |
| | | |
| $ 65,587.28 | | Sum Certain of Actual Cost Funds |
| X 200.00 | | Punitive Damages Multipliers |
| $ 13,117,456.00 | | Punitive Damages |
| | | |
| $ 65,587.28 | | Compensatory Damages |
| $ 13,117,456.00 | | Punitive Damages |
| $ 13,183,043.28 | | Total Damages for Conversion |
| | | |

**SUM CERTAIN FOR CONVERSION**

$ 13,183,043.28 as of September 26, 2007

THIRTEEN MILLION, ONE-HUNDRED-EIGHTY-THREE THOUSAND AND FORTY-THREE WITH 28/100 DOLLARS

"Libellant reserves the right to amend and correct and adjust the accounting and True Bill"

"Libellant reserves the right to amend and correct and adjust the accounting and True Bill"

The progressive Sum Certain in US Dollars is in numerical parity with the Euro Dollar and any other superior currency backed by gold. Sum Certain may also be paid in any numerical value in gold and equal value in real property and natural resources, and any agreeable combination of the above.

Oscar: Hernandez, Creditor, Secured Party

**State of California, County Of San Mateo**
**Subscribed & sworn before me**
**On** 27 **day of** SEPT, **20**07
**By** OSCAR A HERNANDEZ
**Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.**

**Signature** ____________

SHASHI SHETH
Commission # 1618359
Notary Public - California
San Mateo County
My Comm. Expires Nov 30, 2009