UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| OSCAR HERNANDEZ,<br><br>        Plaintiff,<br><br>v.<br><br>FIRST FRANKLIN LOAN SERVICES, et al.<br><br>        Defendants. | Case No.: C 08-263 WDB<br><br>**ORDER THAT CASE BE REASSIGNED AND RECOMMENDATION THAT APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED AND THAT CASE BE DISMISSED WITHOUT PREJUDICE** |

On January 15, 2008, Plaintiff filed a Petition along with an Application to Proceed in Forma Pauperis. Based on the Application,

IT IS HEREBY ORDERED that this case be reassigned to a District Judge[1] with the recommendation that the Application be denied and that the Petition be dismissed.

The federal *in forma pauperis* statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342-343 (1948). To this end, § 1915(a) allows a litigant to commence a civil action in federal court *in*

---

[1] This court is ordering reassignment to a District Judge because, absent consent of all parties, a Magistrate Judge does not have authority to make case-dispositive rulings. *See, e.g., Tripati v. Rison*, 847 F.2d 548 (9th Cir. 1988).

ORDER, *page 1*

*forma pauperis* by filing in good faith an affidavit stating, *inter alia*, that he is unable to pay the costs of the lawsuit.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In the present case, Plaintiff states in his Application that he is currently employed, earning $2100 per month in *net* pay ($2700 per month in gross pay) and that his monthly expenses are $1900.  Given the amount Plaintiff is able to expend on monthly living expenses (for example, $300 a month on clothes), and his apparent ability to earn more than a living wage, Plaintiff does not qualify as an indigent person.  *See e.g., Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331 (1948) (holding that IFP affidavit must demonstrate that person cannot, because of his poverty, provide himself and any dependents with the necessities of life).   Plaintiff should therefore pay the $350 cost of filing suit, and the Court RECOMMENDS that the Application to Proceed In Forma Pauperis be DENIED.

Moreover, even if the Court granted Plaintiff's *in forma pauperis* Application, Plaintiff would not automatically be entitled to continue to prosecute his Petition.  A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  A Complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (1989) (found to be superseded on other grounds by reason of adoption of section 1915(e), which makes dismissal for failure to state a claim mandatory).

Plaintiff's Petition is incoherent and fails to state a claim.  Accordingly, in addition to recommending that the *in forma pauperis* Application be denied, the undersigned also RECOMMENDS that the case be DISMISSED without prejudice.

Dated:    February 5, 2008

_____
WAYNE D. BRAZIL.
United States Magistrate Judge